

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Dear Mr. Harrison:

Opinion No. WW-435

Re: Article 3.39, Section 4, Texas
Insurance Code Investments
by a life insurance company in
the stocks of a subsidiary
corporation with an agreement
made by the parent corporation
to buy such stocks from the
insurance company.

We acknowledge receipt of your letter of March 31, 1958, re-
questing an opinion from this department upon a question arising from
the following facts:

"A Texas life insurance company owns and holds
$400,000 in the preferred stocks of twenty separate
and distinct variety stores which have been incorpora-
ted. These variety store corporations do not in and of
themselves meet the requirements of Section 4 of Arti-
cle 3.39 of the Insurance Code to make the stocks legal
investments as the corporations are not five years old.
The common stocks of each of these twenty incorporated
variety stores are wholly owned by a larger incorporated
store company. The store company directs the opera-
tions of each of the subsidiary variety stores.

"When the life insurance company invested in the
preferred stocks of the incorporated variety stores,
the parent store-company executed an agreement with
the life insurance company to purchase from the life
insurance company, the preferred stock at a purchase
price equal to the redemption price specified in the pre-
ferred stock certificates. The store-company further
agreed that in the event the variety stores failed to de-
clare and pay a semi-annual dividend of 6% per annum
on their preferred stock at the time same was due and
payable, to purchase from the life insurance company all of

the outstanding, and redeemed preferred stock of the variety stores for a purchase price equal to the redemption price specified in the said preferred stock certificates.

"Does the investment of the subsidiary corporation variety store's stocks, together with the repurchase agreement executed by the parent corporation, constitute an investment within the authority of Article 3.39, Section 4, of the Insurance Code, in the 'securities' of the parent corporation?"

The applicable statutory provision drawn in question by the above fact situation, and applicable thereto, is Article 3.39, Section 4, of the Texas Insurance Code, a portion of which reads as follows:

"A life insurance company organized under the law of this State may invest in or loan upon the following securities, and none other, viz.

"4 . . . . the capital stock, bonds, bills of exchange and/or commercial notes for bills and securities of any solvent corporation which has not defaulted in the payment of any debt within five years next preceding such investment, or of any solvent corporation which has not been in existence for five consecutive years next preceding such investment provided such corporation has succeeded to the business and assets and has assumed the liabilities of another corporation, which corporation and the corporation so succeeded have not defaulted in the payment of any debt within five years next preceding such investment . . ."

It may be seen that since 1909 the Legislature of Texas has regulated the investments of the funds of life insurance companies organized under the laws of Texas as a separate, distinct, and exclusive field of legislation. The laws thereon have been special and restricted. Succeeding sessions of the Legislature have surrounded these companies with particular and specific regulations.

In 1951, the 52nd Legislature of Texas brought forward, what was then the old Article 4725, and placed it, without substantial

change, into the Insurance Code of the State of Texas under its new
number 3.39, portions of which are quoted above. This department
has had occasion to state its position with regard to Article 3.39,
Section 4, involving the investments of Texas life insurance com-
panies. In Attorney General's Opinion No. WW-293-A, the position
of the department was thus stated:

> "A life insurance company cannot invest its
> capital, surplus and contingency reserves in the
> stock or commercial notes of any company which
> has not been in existence for a period of five years
> next preceding the date of such investment."

Thus the present problem resolves itself down to whether
or not a guaranty or warranty agreement by a parent corporation may
override the otherwise clear requirements of the legislative mandate.
This department has likewise expressed itself regarding the above
qualification under a previous administration in Attorney General Opin-
ion No. )-3015, in which was stated:

> "It would thus be seen a security to be eligible for
> either class (speaking of life insurance corporations
> under 4725 and insurance corporations other than life
> under 4706) of these Texas corporations must be the
> direct obligation of the issuing corporation. The statu-
> tory definition of eligible securities excludes, therefore,
> stocks or shares evidencing merely participating inter-
> ests by the holders in the net profits, if any , of the issu-
> ing concern."

The position of this department is further substantiated
by an authoritative announcement in Corpus Juris Secundum which
states as follows:

> "Investments of insurance corporations cannot be
> made in securities other than those prescribed by stat-
> ute, and indirect evasion of such statutes, as by the
> medium of a subsidiary, will not be permitted . . . .
>
> "While an insurance company has implied power
> to make investments of its capital, and in the absence
> of legislative restriction, it may do so in the manner it
> deems most judicious, nevertheless, for the purpose of
> protecting policyholders and others, it is usual for the

State to provide specifically how the funds of insurance companies shall be invested. In applying such statutes, no interpretation of a word, phrase, or sentence contained in a comprehensive investment code should be made without reference to the scheme of the entire code . . . ." 44 C.J.S. at page 632.

It thus appears that the agreement by the parent corporation with the investing insurance company by way of a re-purchase agreement does not overcome the inability of the subsidiary company to meet the requirements of Article 3.39 so as to make the investment legal, within the strict bounds of the legislative enactment. It would appear that any other construction of this portion of the statute would be an undue expansion and clearly subvert the intention of the legislature. From the facts given, it is apparent that the investment by the life insurance company is an investment in the securities of the subsidiary corporation and not the securities of the parent corporation. Thus, we conclude that the investments are merely investments in the stocks of the subsidiary corporation, with additional security from the parent, and are illegal investments for a Texas insurance company.

## SUMMARY

The fact that a parent corporation, whose stocks qualify as valid investments guarantees the stock of a subsidiary corporation whose stocks do not qualify as valid investments, does not validate the stocks of the subsidiary so as to be legal investments for a Texas insurance company.

CDD:ls

Very truly yours,

APPROVED:

WILL WILSON
Attorney General of Texas

OPINION COMMITTEE:

By C. Dean Davis
Assistant

Geo. P. Blackburn, Chairman

Mary K. Wall
J. Milton Richardson
Fred B. Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert